UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**BRITTNEY JACKSON**           **CIV. ACTION NO. 3:20-01606**

**VERSUS**           **JUDGE TERRY A. DOUGHTY**

**AOSS MEDICAL SUPPLY, L.L.C.**           **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

On May 21, 2021, the court issued an order directing Plaintiff Brittany Jackson to either enroll new counsel or file written notice with the court indicating that she intends to represent herself, *pro se*. [doc. # 17]. The court set a compliance deadline of June 21, 2021, and cautioned Plaintiff that if she failed to so comply, then she risked dismissal of her case. *Id*. When the foregoing deadline lapsed without any response from Plaintiff, the undersigned issued an order requiring Plaintiff to show cause by July 8, 2021, why she should not be sanctioned for failure to comply with the court's May 21, 2021 Order. (Show Cause Order [doc. # 18]). Within that same deadline, the court again ordered Plaintiff to enroll new counsel or to file a written statement with the court indicating that she intends to represent herself, *pro se*. *Id*. To date, however, Plaintiff has not responded to the latest order and deadline.

### Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations eventually may bar Plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," and is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, Plaintiff has ignored more than one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that she no longer wishes to pursue her cause of action.[1] Finally, Plaintiff's unrepentant flaunting of court orders[2] reflects her own contumaciouness or "stubborn resistance to authority"[3] which is personally attributable to her as a litigant unrepresented by counsel.[4]

---

[1] Certainly, if Plaintiff disputes this inference, she may so demonstrate in her objection to the instant report and recommendation.

[2] This report and recommendation itself provides Plaintiff with further notice of her non-compliance.

[3] *See Millan, supra*.

[4] While the court is aware that Plaintiff is not represented by counsel, "'the right of self-

Upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court. Accordingly,

IT IS RECOMMENDED that the instant suit be DISMISSED. FED. R. CIV. P. 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 14th day of July, 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

---

representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).